IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.   1:18CR00589 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| DWON WILLIAMS | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant | ) | |

Dwon Williams ("Williams" or "Defendant"), through undersigned counsel, provides the

attached memorandum for this Court's consideration in advance of the October 1, 2019

sentencing hearing in this case.

Respectfully submitted,

*/s/ Fernando O. Mack*
FERNANDO O. MACK
Reg. No.: 0062937
1220 W. 6th St., Ste. 203
Cleveland, OH 44113
(216) 556-9610
(855) 320-8107 (Fax)
losmacks@msn.com
*Attorney for Defendant*

## SENTENCING MEMORANDUM

### I.      STATEMENT OF THE CASE

On October 11, 2018, Williams was named in a two-count indictment, which alleged that

he committed twice the offense of knowingly and intentionally distributing crack cocaine in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and (ii).

On June 11, 2019, Williams pled guilty to the indictment.  The matter was referred for a

presentence report and a sentencing hearing was scheduled for October 1, 2019.

### II.     LAW AND ARGUMENT

#### A.      The Sentencing Guidelines are Merely Advisory, and Not Binding Upon this Honorable Court

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in

*Blakely v. Washington,* 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000)

applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005).

Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant

distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the

sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court.

Id. at 751.  Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Id.* at 756.

Based on this conclusion, the Court further found those provisions of the federal

Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or

2

which rely upon the Guideline's mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id*. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*,

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a) (4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a).

*Booker*, 125 S. Ct. at 757. Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a) (2) states that such purposes are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

> 1)  "the nature and circumstances of the offense and the history and characteristics of the defendant" (§3553(a)(1));
> 2)  "the kinds of sentences available" (§3553(a)(3));
> 3)  "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a)(6); and
> 4)  "the need to provide restitution to any victims of the offense." (§3553(a)(7)).

Other statutory sections also give the district court direction in sentencing.  Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth.  See: U.S.S.G. §5H1. See also: *United States v. Naylor*, 359 F.Supp.2d 521, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses, he was 17, and noting that in *Roper v. Simmons,* 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and §3553(a) make clear that courts may no longer uncritically apply the guidelines.  Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3353(a) factors, many of

which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.).  As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*." *United States v. Jaber*, 362 F.Supp.2d 365, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

The overriding principle and basic mandate of 18 U.S.C. §3553(a) requires district courts impose a sentence "sufficient, but not greater than necessary," to achieve the four (4) purposes of sentencing set forth in 18 U.S.C. §3553(a) (2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation.  *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005).

**B.    Application of the Statutory Sentencing Factors to the Facts of this Case**

*Offense Level*.  Pursuant to USSG §2D1.1, Williams' base offense level is twelve (12). However, after a Chapter Four enhancement for prior convictions, the base level offense would become thirty-two (32).  After a two-level decrease for a acceptance of responsibility, his total offense level would be thirty (30).

*Criminal History*.  Williams' criminal history subtotal as calculated by the probation department is eight (8).  Two points are added because he was under sentence at the time of the offense, resulting in a criminal history score of ten (10), which places him in criminal history

category V.  However, because Williams could be designated as a career offender, his category would become VI (USSG §4B1.1(b)).

_Guideline Range_.  Pursuant to the guideline provisions, for the above totals Williams' guideline range of imprisonment would be 168-210 months.

_Request for Departure/Variance_.  The career offender provision of the federal sentencing scheme is merely "one part of a series of guidelines meant to _guide_ the district court to the proper sentence."  _U.S. v. Foote_, 784 F. 3d 931, 942 (4th Cir. 2015) (emphasis in original).  District courts have the authority to depart from the career offender range.  _Id._; see also _U.S. v. Jackson_, 678 F. 3d 442.  In considering whether to do so, courts must decide "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  USSG § 4A1.3(b)(1).  A downward departure for a career offender is limited to one criminal history category.  USSG § 4A1.3(b)(1).  Williams now asks this Court to apply a downward departure, as criminal history category VI substantially vastly overrepresents his criminal history.

A review of Williams' criminal history reveals the story of someone who is not the typical subject of a federal prosecution.  He has been convicted of multiple instances of drug trafficking, but in none of them was he shown to be more than a low-level offender.  His drug-related convictions are as follows –

| Date | Offense | Level | Drug Amount | Sentence |
|------|---------|-------|-------------|----------|
| 10/27/2000 | Trafficking (cocaine) | Felony 3 | 5-10 grams | Probation |
| 5/29/2002 | Possession | Felony 5 | 5-25 grams | 6 months prison (plus 4 months for contempt) |

6

| 3/7/2003 | Possession (marijuana) | Minor Misdemeanor | Less than 200g | Fine |
|---|---|---|---|---|
| 6/23/2008 | Trafficking (cocaine) | Felony 5 | Less than 5g | 6 months prison (concurrent with November 2008 case) |
| 11/24/2008 | Trafficking (cocaine) | Felony 4 | 5-10 grams | 6 months prison (concurrent with June 2008 case) |
| 3/20/2013 | Possession (cocaine) | Felony 5 | Less than 5g | Probation |
| 1/30/2014 | Possession (marijuana) | Minor Misdemeanor | Less than 200g | Fine |
| 1/28/2016 | Possession (cocaine) | Felony 5 | Less than 5g | Probation |
| 6/17/2016 | Trafficking (cocaine) | Felony 3 | 10-20 grams | Probation |

None of the above convictions suggest that Williams is the sort of offender who is or has been involved in the sale of large quantities of illegal substances.  This case is consistent with that trend – he has pled guilty to selling ***0.3 grams*** of cocaine to an informant on two occasions (a value of roughly $40 per sale).  Williams' behavior is instead consistent with the actions of someone with a serious substance abuse problem – a situation that calls for a sentence more focused on treatment and rehabilitation than punishment.

In addition to the above-requested departure, Williams asks this Court to find that an additional variance is warranted, and sentence him below the career offender guideline range. The basis for this request, in addition to the information below, is that Williams is not the sort of offender to whom the career offender sentencing guidelines should apply.  The U.S. Sentencing Commission has found that the career offender designation is "best focused on those offenders who have committed at least one 'crime of violence.'"  U.S. Sentencing Comm'n, *Report to the Congress: Career Offender Sentencing Enhancements* (2016) at 3, available at –

7

http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf.

Perhaps in part due to the Commission's recommendations, Congress passed the First Step Act, which was subsequently signed into law.  Part of the Act's focus is to "reduce and restrict enhanced sentencing for prior drug felonies." See S. 3649, 115th Cong. § 401 (2018).  In pursuit of that objective, the Act modifies sentencing enhancements under 21 U.S.C. § 851. Despite Congress' desire to reduce sanctions for some drug offenders, Williams' position remains unchanged because the Act fails to address the career offender enhancement.  So although Williams is neither a violent offender (he has never been convicted of an offense of violence) nor a large-scale drug trafficker (his criminal history consists of low-level drug offenses), he is nonetheless still facing the possibility of spending, according to the guideline range, the next fourteen (14) to seventeen and a half (17.5) years in prison.  Compare the guideline range to that which he would face *without the career offender enhancement* -

      Offense Level – 12

      Criminal History Score/Category – 10 / V

      Guideline Range – 27 to 33 months

So rather than being faced with almost three years in prison, Williams is facing up to more than *seventeen years* in prison due to the application of the career offender enhancement.

Based on the preceding, Williams respectfully requests that this Court apply the requested departure and variance, and sentence him to a term of incarceration below the career offender guideline range.

*Statutory Factors as Applied to Williams*

Courts should consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

Courts should consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

   **(a) Nature and Circumstances of Offense**

Williams plea of guilty to the indictment in this case.  He acknowledges the wrongfulness of his conduct and understands the detrimental effect of his actions on his family and the community.

   **(b) History and Characteristics of Defendant**

Williams was born in September of 1990 in Indianapolis, Indiana.  When he was 12, the family moved to Tennessee, where they resided for about three years.  They subsequently moved to Lorain, Ohio.  Williams' family often struggled financially, which in part led him to make poor decisions as a child.

Not surprisingly, Williams has struggled with substance abuse for much of his adult life. He began using marijuana at age 13, and continued that use until 2016.  He has struggled with alcohol abuse for the last decade, regularly drinking to the point of intoxication on a daily basis. He also abused MDMA multiple times per week from 2014 to 2016.

Williams has two children – daughters aged 16 and 15.  One child lives with her mother in Elyria, Ohio, while the other lives in Houston, Texas with her mother.  Williams maintains good relationships with his kids' mothers and has done his best to support his children

9

emotionally and financially.

> **2.  The Need for the Sentence Imposed To Promote Certain Statutory Objectives:**
>
> > **(a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

In this case, a sentence below the career offender guideline range would accomplish the above statutory objectives.  Williams has pled guilty in this case; he has accepted full responsibility for his actions and is genuinely remorseful about his decision to engage in such negative conduct.

> **3.  The Kinds of Sentences Available**

In *Booker*, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756.  This renders the sentencing guidelines advisory. *Id.*  Based on the circumstances of this case and Kennedy's acceptance of responsibility, imposition of the minimum sentence would be sufficient to serve the statutory directives.

> **4.  The Sentencing Range Established by the Sentencing Commission**

In light of Williams' low-level offenses and his acceptance of responsibility, a sentence below that set out in the career offender range would be sufficient, but not greater than necessary, to comply with statutory directives.  As noted above, the Commission would prefer not to treat nonviolent, low-level offenders like Williams as career offenders.

10

**5.    The Need to Avoid Unwarranted Disparities**

In this case, a sentence within the career offender range would create a disparity between Williams and similarly-situated defendants, and would be greater than necessary to comply with the sentencing guidelines.

**6.    The Need to Provide Restitution to any Victims of the Offense**

Restitution is not an issue in this case.

## <u>CONCLUSION</u>

Williams respectfully moves this Honorable Court to impose a term of incarceration below the minimum guideline sentence in this case.  Doing so will promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid an unwarranted sentencing disparity.

*/s/ Fernando O. Mack*
FERNANDO O. MACK
*Attorney for Defendant*

11

## **CERTIFICATE OF SERVICE**

A copy of this *Sentencing Memorandum* was filed with the Court via its Electronic Filing

System on September 24, 2019; notice of the filing will be transmitted to all parties by operation

of the system.

 _/s/ Fernando O. Mack_
FERNANDO O. MACK
*Attorney for Defendant*